*Court of Common Pleas, Dauphin County, December 31st. 1853.*

NISLEY v. KINTER.

When a principal instructed his special agent either to have a horse, which he was about to purchase, inspected by a particular person, or obtain a warranty, and failed to do either, the principal is not bound to keep the animal if he is unsound.

BY THE COURT.—We are still of opinion, as stated on the trial, that if the plaintiff's agent was instructed to have the horse inspected by a particular person, or obtain a warranty, and failed to do either, the plaintiff was not bound by the contract. It must be conceded, that the man employed was only a special agent, having no general authority, express or implied. The vendor, before dealing with him, was bound to inquire into the extent of his agency. Even if the agent supposed he had a warranty, yet had not, there is an equal failure to obey instructions, as there is not a contract for soundness of which the purchaser could avail himself. It matters not, whether the agent omitted to obtain the warranty through negligence or ignorance, it would be equally fatal to a claim on the

part of his principal. There was no evidence in the case that the principal retained the horse in his possession an hour after he first saw him. The witness does not state that the plaintiff was at home, or saw the horse on Friday evening, when he took him to the barn. The first evidence we have of his seeing him, was when he called in the horse-doctor to inspect him. The doctor pronounced him sick from staggers, a dangerous disease. That same afternoon the agent started to return him, but from the feebleness of the animal, or the intervention of Sunday, he was not taken back until Monday morning. The plaintiff was not permitted to prove on the trial the cause of his refusal to keep the horse; therefore, we cannot tell whether it was from a failure to obtain a warranty or a supposed violation of its conditions. If there was no warranty the plaintiff had a right to return the property, because purchased contrary to his instructions; if one existed, we think there was sufficient evidence of sickness to justify sending him back, and offering to rescind the contract before bringing suit. All the plaintiff's witnesses prove that before the horse had travelled three miles he showed evidences of extreme sickness, which continued until his return. In our opinion Nisley was justifiable, from the appearance and actions of the animal and the opinion of the farrier, in sending him back. In fact, the brother of the defendant, one of his principal witnesses, testified that the horse looked extremely ill on his return. The bare fact that the animal had been healthy before, and became so some two months afterwards, is but very slight evidence to contradict the fact that he was sick when sold and returned. It is very true that the plaintiff's counsel did assume on the trial, that there had been a warranty of soundness and a breach of that warranty. But, in our opinion, he failed in the proofs. Had he succeeded it would have been fatal to the case. It is equally certain that the defendant's counsel most strenuously denied the existence of a warranty, which, if conceded by him, would have precluded a recovery; but neither the court nor the jury are bound by these assumptions on either side.

We are of opinion that this case was correctly decided: therefore we cannot grant a new trial.

AFFIRMED BY THE SUPREME COURT, June 7th, 1855. Not reported.

*Kunkel, for plaintiff.*

*Carson, for defendant.*